† BURNHAM, *Pet. for Partition*, versus PERSONS UNKNOWN.

By c. 91, § 11, of R. S., it is provided, that when an execution is levied upon the estate of the debtor held in common with others, the whole estate must be described by the appraisers, and the debtor's share or part thereof, so held, be so stated by them; and the whole or such part of the debtor's interest as may be necessary to satisfy the execution, may be taken, and thereafter held in common with the co-tenants.

A levy under this provision, in which the description of the *common* estate exceeds its real limits, and the shares of the debtor levied on are greater than he owns, will still be effectual to vest his real proportion in the judgment creditor. This provision relates merely to the mode of levying on such estates.

PETITION FOR PARTITION, for the interest of petitioner in the Webster farm, (so called,) in Orono.

The facts in the case were agreed to, and are stated in the opinion of the Court.

The respondents denied the seizin or title of petitioner to any part of the premises, but it was agreed that if, on the facts agreed, and such papers and records referred to as were legally admissible, the Court should be of opinion that petitioner is entitled to recover, judgment shall be entered for so much as he is entitled to.

The petitioner claimed under a levy made upon the in-

terest of one of the tenants in common, and the levy appeared to be of a greater portion than the debtor owned.

*I. Washburn, jr.* for defendants.

*Peters,* for petitioners.

TENNEY, J. — James, Reuel D. and Ebenezer Webster, jr. appear and make defence to this petition.

Originally the farm described in the petition was owned by Elijah and Ebenezer Webster in equal undivided moieties.

Before any rights accrued to others by attachment or otherwise, the Finn lot was conveyed by the owners of the whole farm, and this created a severance of that lot.

On June 20, 1838, the said owners conveyed a lot to Nathan Weston, jr. Were it not for an attachment, which will be referred to, this conveyance operated as a severance of that lot also.

But S. B. Stone, on June 19, 1838, in a suit brought by him, made an attachment upon the right of Ebenezer Webster. Judgment was obtained in that suit, and upon an execution issued thereon, a levy was made in season to preserve the attachment upon *twenty-seven* seventy-fourth parts of the whole farm, excepting the Finn lot, but including the Weston lot. This extent, upon a part only of the portion owned by Ebenezer Webster at the time of the attachment, left the ten shares of the seventy-four released from the attachment.

On July 27, 1842, Stone conveyed his interest in the farm, including the Weston lot, to Daniel White, who afterwards conveyed to Weston his interest in the Weston lot, and subsequently conveyed his remaining interest in the farm to Ebenezer Webster, jr, who, on December 18, 1851, conveyed one undivided half of this remaining interest to Paul D. Webster. In 1847, Webster conveyed his lot to said Ebenezer Webster, jr. So that the portion of twenty-seven seventy-fourth parts, divested under Stone's attachment, became vested in Ebenezer Webster, jr, before his conveyance to Paul D. Webster, not only in the residue of the

farm, exclusive of the Finn and Weston lots, but of the Weston lot also. And the title to that lot became as perfect as it was in Elijah and Ebenezer Webster before the conveyance from them, and was severed from the residue of the farm. James Webster, having succeeded to the rights of Elijah Webster, held one-half of the farm, after the two were severed, and Ebenezer Webster, jr., and Paul D. Webster held together twenty-seven seventy-fourth parts in the same, at the time the petitioner filed his petition, in common and undivided.

The petitioner made a levy within thirty days after he obtained a judgment against Ebenezer Webster, he having attached the debtor's interest on the original writ. This interest does not appear to have changed from the time of its attachment to that of the levy, and was ten parts of seventy-four of the farm, which was held in common and undivided. And although we understand, in terms, the appraisers' return describes the whole farm as it was originally, and a greater portion as belonging to the debtor, than he had any title to, the creditor obtained no rights whatever in what the debtor had no interest. R. S., c. 94, § 10. But it is insisted, that for this reason, the levy is so far void, that partition of the rights, owned by the debtor, cannot be made under this process.

Section 11 of c. 94, R. S., provides, that when the estate is held in common with others, the whole estate must be described by the appraisers, and the debtor's share or part thereof, so held, be so 'stated by them, and the whole or such part of the debtor's interest as may be necessary to satisfy the execution, may be taken, &c.

It is believed that the design of this provision was, to prescribe the mode of extending an execution upon the interest of a debtor, which he held in common, and undivided with another; not that the creditor should, at the peril of the loss of all benefit from the levy, cause to be described in the appraiser's return, the estate only held in common, and that he should be limited in the statement of the part

supposed to be held by the debtor, to the precise portion which it should turn out was actually owned by him; but that the estate, which the creditor claimed to treat as common and undivided, should be described, and the proportion thereof which he claimed as that of his debtor should be stated.

The extent of an execution upon real estate, is a statute conveyance of the same. It is generally true that no estate or interest in land can be transmitted by an extent, which the debtor might not have conveyed by a suitable instrument. And a debtor cannot convey land by a deed to a party, by metes and bounds, which is a portion of the common property, so as to entitle that party to maintain a petition for partition of the part attempted to be conveyed by metes and bounds. *Bartlett* v. *Harlow*, 12 Mass. 348. And under a levy of the same part by metes and bounds, a partition could not be made with greater effect. In both cases, such proceedings, if valid, would create new tenancies in common of tracts and parcels of estate, held in common, to their injury. *Blossom* v. *Brightman*, 21 Pick. 283.

If, however, a tenant in common of a certain tract, should make and deliver a deed of a fractional part thereof, greater than that owned by him, and the boundaries of the whole tract should embrace more land than was contained in the common tract, the deed would not be void for such reason, but would not operate at all, either beyond the common property or the part owned by the grantor. And no reason is perceived for denying its effect, so far as to convey the interest actually owned by him. By analogy, a levy must be attended with the same effect.

The difficulty of obtaining execution for such part as was, by return, satisfied by an interest which the debtor did not own, upon *scire facias*, at common law, or by the statute c. 94, § 23, is not involved between these parties. Such difficulty, if inseparable, would rather be held to prevent the obtaining of execution for such part of the judgment

really unsatisfied, than to preclude the effect of the levy upon the part actually owned by the debtor.

As the title stands, James Webster is the owner of one-half of that part of the farm which is held in common and undivided; Ebenezer Webster, jr., holds, out of seventy-four parts of the same, thirteen and a half of those parts, and Paul D. Webster the like portion; the petitioner has title to the residue, being ten seventy-fourth parts. There is no necessity of going back, as the counsel for the respondent insists, in order to trace the history and the origin of these several rights. We look at the common property as found, when the petition was filed, and make partition, according to the respective rights, then existing.

Partition cannot be made of the Finn and Weston lots, and it may be the most simple mode of proceeding, that the petition and pleadings should be so amended, as to except these lots, care being taken, that no party is injuriously affected, touching costs, and that partition be made of the other part. *Judgment for partition.*